## Keathley, et al. v. Town of Jenkins, et al.

(Decided March 10, 1922.)

### Appeal from Letcher Circuit Court.

Municipal Corporations—Annexation of Territory—Time of Filing Petition.—A suit under section 3665, Kentucky Statutes, in remonstrance of the proposed annexation of territory to a city of the fifth class must be filed within thirty days after the enactment of the ordinance proposing such annexation, if same is published as required by section 3664, Kentucky Statutes, and the fact that the annexing ordinance was likewise published does not extend the time for filing such petition.

MORRIS & JONES, DAVID HAYS and F. G. FIELDS for appellants.

W. H. MAY, ALLIE W. YOUNG and E. C. O'REAR for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Jenkins is an incorporated town of the fifth class. On January 7, 1913, its board of trustees enacted an ordi-

nance proposing to extend its corporate limits by annexing a described tract of land containing about 1,600 acres.

On February 10, 1913, another ordinance was enacted, annexing this territory.

On March 10, 1913, the appellants, who own land and reside in the annexed boundary, filed this action of remonstrance against the annexation of the described land. Upon a trial the court dismissed the petition, from which judgment this appeal has been prosecuted.

A reversal is sought upon the merits and several other alleged errors of the court, which need not be recited or discussed because, as clearly appears, the remonstrance was not filed within the time allowed by law or until after the annexation had become final.

The action of the board of trustees in annexing the territory is authorized by section 3664, while this action of remonstrance is based upon section 3665 of Kentucky Statutes, both of which are parts of the charter of such towns.

The former section empowers the board of trustees, when it is deemed desirable to annex any territory or reduce the boundaries of the town, to enact an ordinance defining accurately the boundary of the territory proposed to be annexed or stricken off, and provides for the publication thereof. It then provides that "In not less than thirty days after the enactment of such ordinance, if the publication or notice, as herein provided, has been made or given, and no petition is filed in the circuit court, as provided in the next section, the legislative department may, by ordinance, annex to the town the territory described in the ordinance, hereinbefore mentioned, or reduce the limits, as the case may be; and upon the enactment of such ordinance, such territory shall become a part of such town, or shall be stricken therefrom."

Section 3665 provides that "within thirty days after the enactment of an ordinance *proposing* to annex territory to any town" one or more residents and freeholders of the territory proposed to be annexed may file a petition in the circuit court setting forth the reasons why such territory or any part thereof should not be annexed, etc.

The petition was not filed until more than sixty days after the enactment of the ordinance proposing to annex the territory and therefore after the expiration of the time allowed by section 3665 for filing same.

This is confessed by counsel for appellants, but it is insisted the time was extended by reason of a failure to

properly publish the first ordinance, and a publication of the later one annexing the territory.

Without deciding whether or not the time fixed by statute could be so extended it is sufficient to say that the clear preponderance of the evidence shows the first or proposing ordinance was published in strict accord with the requirements of the law, in fact there is practically no contradiction of the three witnesses who so testify; and the fact that the second or annexing ordinance was likewise published, even if it be conceded this was not required, is wholly irrelevant.

Another complaint to which doubtless we should refer, because of the insistence with which it is urged, related to an effort upon the part of appellants to question the corporate existence of the town of Jenkins, and of the authority of the members of the board of trustees to act as such. The petition contains the following allegations, to which the court sustained defendant's motion to strike:

"That the judgment of the Letcher circuit court in Judgment Book 'R' at page 6, creating said town is void; that the appointment of all the trustees and officers thereunder is also void; that neither of the officers in said incorporation are legally authorized and qualified to act for it."

Waiving the fact that this court in Vanover v. Dunlap, 172 Ky. 679, 189 S. W. 915, held the judgment referred to was not void and the further fact that this action was not filed within the time allowed by law, we do not think the court erred in striking these allegations since they are merely the pleader's conclusion of fact and law.

Wherefore the judgment must be and is affirmed.