# Snelling v. Franklin County Board of Education et al.

June 21, 1940.

Wm. B. Ardery, Judge.

Carl J. Boone, Robert M. Odear, and R. W. Keenon for appellant.

Clyde Reed and Charles N. Hobson for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Prior to the adoption of the school code of 1934 (Ch. 65, Acts of 1934) members of county boards of education were elected from districts, divisions or segments of the county. When the school code of 1934 was adopted this method was changed so that the five members of the county board were elected from the county at large. Kentucky Statutes, Sections 4399-24 to 4399-26, inclusive, provided the manner in which county board members should be elected from the county at large. By Act of 1940 the Legislature repealed, amended, and re-

enacted Section 4399-24, 4399-25 and 4399-26, and these sections as amended now appear in the 1940 Supplement to Baldwin's Kentucky Statutes under the same section numbers. The title to the 1940 Act is as follows:

"An Act to provide for the election of members of boards of education; for the petition of candidates for members of the county board of education by divisions; and repealing, amending and reenacting Sections 19, 20 and 21 of Chapter 65 of the Acts of 1934, being Sections 4399-24, 4399-25 and 4399-26 of Carroll's Kentucky Statutes, 1936 Edition."

The effect of the new act, amending the sections mentioned, was to go back to the previous method of electing members of the county board of education from divisions or districts of the county. That this was the intention of the Legislature is perfectly plain and obvious. However, in drafting the amendatory act the words division and district were used interchangeably so as to create some confusion.

This action was filed by the appellant, Odie Snelling, as an individual and taxpayer against the appellee, Franklin County Board of Education, to enjoin it from attempting to carry out the provisions of the 1940 act, especially from dividing the Franklin County school district into five divisions, and for a declaration of rights, it being alleged that the 1940 act was so indefinite and vague as to be impossible of enforcement and therefore void. By amended petition it was further alleged that the act was void because it referred to subjects not included in the title in that it attempted to give to the county court jurisdiction to try appeals or determine the correctness of any division made under the act when the title to the act made no reference to the right of appeal or the jurisdiction of the county court to try the appeal. The trial court sustained a demurrer to the petition and dismissed it and this appeal follows.

There can be no doubt as to what was the intention of the General Assembly in enacting the amendatory act of 1940. Its purpose was to go back to the original method of electing members of the county board of education which was in effect prior to the adoption of the school code in 1934. Some confusion is caused in the amendatory sections by the improper interchange of the words "division" and "district" but in each and every

case in which the word "district" is erroneously used the intention of the Legislature is so plainly manifest that we have no doubt the sections should be given effect by construing the word "district" to mean "division" when such construction is necessary to give full effect to the act. There are so many places in the act in which the word "district" is used in the place of the word "division" that it would draw this opinion out to undue lengths to discuss each instance. We will only mention one instance and that is in Section 4399-24. The following language is used:

"In making the first division into *districts* the board shall, if more than one of its members reside in one division, determine by law which members from that division shall represent that division, and which members shall represent the divisions in which no member resides."

It is plainly apparent that the word "districts" means "divisions" in the sense that the word "divisions" is first used in the act. Each of the other instances in which the word "district" is used where "divisions" should have been used is so plainly obvious as to leave no doubt of the intention of the Legislature. It is a guiding rule in the interpretation of statutes to ascertain the intention of the Legislature and adopt that intention and in doing so the purpose to be accomplished by the statute may be considered and such purpose is a potent fact in arriving at a proper interpretation. Neutzel, County Clerk, v. Ryans, 184 Ky. 292, 211 S. W. 852, 853; Wheeler v. Board of Commissioners of Hopkinsville, 245 Ky. 388, 53 S. W. (2d) 740. In Neutzel v. Ryans, supra [184 Ky. 292, 211 S. W. 854], the court said "the will of the Legislature, not its words, [is] the law. * * * Where words or figures have been erroneously used for others, and the title and context afford the means of correction, the proper words or figures will be deemed substituted or supplied." The court in that case referred to many cases as authority that in order to effectuate legislative intent words may be supplied, omitted, substituted or modified. In the case before us there is no difficulty whatever in ascertaining the legislative intent and there is little difficulty in determining each case in which the word "district" should be construed to mean "division" and this should be done

wherever necessary in order to give full effect to the act. There is no such uncertainty or ambiguity as to render the act void.

In Section 4399-24, which provides for the division of the county into districts or divisions, provision is made that any citizen "may prosecute an appeal from the action of the board in making a division line or a change thereof to the county court and from the county court to the circuit court of the county in which the district is located. The procedure on appeal shall be the same as in other civil cases." It is contended by appellant that the act is unconstitutional because there is nothing in the title to the act which relates to giving to the county court jurisdiction of appeals from the action of the county board in dividing the county into districts or divisions, the argument being that the title should have specified that Kentucky Statutes, Section 1057, which defines the jurisdiction of county courts, was being amended so as to give jurisdiction of such appeals to the county court. We think there is little merit in this argument.

Section 141 of the Kentucky Constitution provides that:

"The jurisdiction of the county court shall be uniform throughout the state, and shall be regulated by general law, and, until changed, shall be the same as now vested in the county courts of this state by law."

Kentucky Statutes, Section 1057, after specifying certain instances in which the county court has jurisdiction, concludes with the following words: "and such other jurisdiction as may be conferred upon it by law." The concluding language of this section left open the instances in which the county court could be given jurisdiction, subject only to the constitutional provision that such jurisdiction should be uniform. There can be no doubt that the Legislature had the right to confer jurisdiction of such appeals on the county court. The conferring of this right of appeal was a mere incident in the accomplishment of the general purpose of the legislation here in question. A provision for appeal to the county court was not foreign to the scope of the legislation and it was not necessary for the title to contain

all the details of the legislation. As said in Russell v. County Board of Education, 247 Ky. 703, 57 S. W. (2d) 681, 683:

"After all, such provisions, as are contained in Section 51 of our Constitution, do not require, nor was it intended for the title of an act to contain or be, 'an index to, or a synopsis of the contents of the act, or set out the details thereof, but it (the title) need only indicate the general contents and scope of the act, and if it gives reasonable notice thereof it is sufficient. It is only to the contents of a statute that the title is required to point, and not to its results; and the incidental operation of the statute upon subjects other than that which it expressly details need not be expressed,' in the title."

The title, by referring to the sections of the statute which were being repealed, amended and reenacted, gave notice of the general scope and purpose of the legislation. The provision for appeal from the action of the board in dividing the county into districts or divisions was only incidental to the operation of the statute and it was not necessary for the title to specify that Section 1057 was being amended and that such appeal was being provided.

Judgment affirmed.