## Marshall et al. v. White et al.

June 20, 1941.

Reid Prewitt and H. C. Hadden for appellants.
J. J. Winn and L. A. White for appellees.

Opinion of the Court by Judge Thomas—Affirming.

Our present school code was enacted in 1934 by Chapter 65 of the session acts of that year. Before that act the five members of county school boards were elected from divisions of the unit county school district instead of from the district at large; but the 1934 code changed that by requiring the election of the members of the board from the county school district at large, and the law so remained until it was amended by the legislature at its 1940 session, which amendment repealed and re-enacted Sections 4399-24, 4399-25 and 4399-26 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, each of which were a part of the 1934 school code. A part of the 1940 amendment is now Section 4399-24 of Baldwin's Kentucky Statutes Service for 1941. Its constitutionality was upheld by us in the recent case of Snelling v. Franklin County Board of Education, 283 Ky. 572, 142 S. W. (2d) 147, in which opinion the present conditions of the school law (especailly as applicable to the questions here presented) are set out and to which reference is hereby made for that information. The law as originally enacted provided that some of the five members of the county unit board should be elected each two years, and when elected it should be for a term of four years, so that school board elections should be biennial as to a portion of the membership of the board.

At the time of the taking effect of the 1940 amendment, the two plaintiffs and appellants, Mrs. W. G. Marshall and F. P. Boyd, were serving terms of four years each—they having been elected in 1938—but the other three members of the board, who are the appellees and defendants below, under the law were elected in 1936 for terms expiring in 1940 when their places were to be filled at the general election for that year. However, and in the meantime, the 1940 amendment had taken effect, but the two official plaintiffs were entitled to hold their offices until the expiration of their term, although they were elected by the school district at large instead of by divisions as the 1940 amendment provided. There were therefore provisions made in Section 4399-24 whereby the board could continue to function with some of its members elected from the county school district at large until the taking effect of the 1940 amendment, and which provision we upheld in the Snelling opinion supra.

In obedience to the 1940 amendment, the county

board attempted to divide the county school unit into divisions to comply with that amendment, but in laying off the divisions they did not prescribe as to some of them for the area to be contiguous. At least two of them contained territory separated by areas allotted to other divisions. Nevertheless appellees and defendants below were elected from the divisions so made, which was followed by the filing of this alleged declaratory judgment action in the Montgomery circuit court by plaintiffs—the two holdover members of the board who were elected in 1938—against the defendants as the newly elected members in 1940, and in the petition plaintiffs averred the foregoing facts, from which they contended that the division made by the county board in 1940 in compliance with the amendment of that year was illegal and void because the divisions were not contiguous as plaintiffs insisted they should be, and for which reason the election of defendants in 1940 were also illegal and void, and they prayed for a declaration and an adjudication of their rights, among which were that the election of each of the defendants was void and that Section 4399-24, as amended by the 1940 act, was unconstitutional, and that all of the steps that the board had taken pursuant thereto should also be declared void, and for such other relief to which they concluded they were entitled because of the invalid amendment, and procedure thereunder, as set out in their petition.

Both a special and general demurrer were filed to it each of which the court sustained; but nevertheless he assumed jurisdiction and overruled all of the objections to the validity of the 1940 amendment made by plaintiffs —chief among which was the division of the county unit district into divisions which were non-contiguous. The conclusions of the court were followed by a dismissal of plaintiffs' petition, to reverse which they prosecute this appeal.

The necessity for an immediate decision of the case to enable the public school authorities of Montgomery County to function in the employment of teachers and to perform other duties immediate and imperatively incumbent upon them, has induced us to dispose of the appeal before the adjournment of court for its summer vacation, although the lateness of the filing of the appeal prevents us from discussing or determining some of

the various questions raised and argued seriatim, as, perhaps, we might otherwise have done.

The trial court held that plaintiffs had no right to maintain the action, even as a declaratory judgment one, and with which we agree. If defendants are usurpers of an office, then the remedy would be the one provided by Section 480 et seq. of the Civil Code of Practice as contained in its chapter XIII. On the other hand if defendants were seeking to oust plaintiffs from their respective offices, they would have the right to maintain the action in order to prevent such threatened ousting, but no such action has been taken or even threatened by defendants. Neither does it appear that defendants are attempting to perform official duties as alleged members of an office which does not exist. Therefore, none of the cases cited by plaintiffs and appellants justify their right to maintain this action, and they alleged no fact whereby they—or any other persons who might be filling their position—could or would be interfered with in the performance of their official duties, because of the cooperative functioning with them of defendants who were elected at the 1940 regular election. The whole controversy is based upon the alleged invalid act of the county unit board in prescribing the boundaries of the five divisions from which the membership of the board should be elected under the 1940 amendment, and the invalidity of that action on the part of the board is in turn based upon the sole fact that some of the divisions were not contiguous. We very much doubt the right of the county unit board to prescribe for or lay off divisions which were not contiguous, but under the conclusions to which we have arrived the necessity for a final determination of that question is eliminated, and the same is true with all of the other questions presented and argued, except the one to which we will now refer.

Section 4399-24, as amended by the 1940 amendment, prescribes, inter alia that: "Any citizen in the district may prosecute an appeal from the action of the board in making a division line or a change thereof to the county court and from the county court to the circuit court of the county in which the district is located. The procedure on appeal shall be the same as in other civil cases." It will be observed that the right of appeal as so prescribed for is given to any citizen of the district, which means the county unit district as distinguished

from the five divisions that may be made of that district, and the particular action of the county unit board from which an appeal may be taken is that "of the board in making a division line or a change thereof." The appeal shall be to the county court with the right to appeal from its judgment to the circuit court of the county. It is conceded by counsel for plaintiffs—and, of course, so argued and contended for by counsel for defendants—that the appeal so provided for in the 1940 amendment is for the purpose of correcting an invalid or unlawful division of the county school unit into divisions for the purpose of electing members of the county school board, and which is the only question lying at the bottom of all of the contentions made in this case. It is likewise conceded by defendants that their objection to such division was correctible by such appeal if it had been prosecuted. They claim, however, that the remedy so specifically provided is not exclusive and that they have a right to maintain this action to obtain the same relief, plus other additional relief they seek as a consequence of such invalid division. All other questions attempted to be raised and argued in this case were settled by our opinion in the Snelling case, supra, and the remaining one of the right of the board to divide the school unit into divisions which were contiguous was by express terms of the statute made correctible by the appeal therein provided for, which we think was intended by the legislature to be and is exclusive, since when a statute creates a new right not existing at common law and provides therein for the remedy for the enforcement of such rights it is exclusive. Grimes v. Central Life Insurance Company, 172 Ky. 18, 188 S. W. 901, and Martin v. Board of Council of City of Danville, 275 Ky. 142, 120 S. W. (2d) 761.

The rights herein claimed by plaintiff emanate from statutes relating to our public school system and relate to its maintenance, management and control. It is strictly a governmental function provided by American constitutions, or statutes enacted pursuant thereto, and it is our conclusion that the legislature in making such provisions may provide exclusive remedies for the infringement of any rights that may be perpetrated by any officer or officers in the maintenance of the project. It is admitted in this case that no appeal was ever attempted, but whether or not it may yet be taken is a question that can not be solved from the terms of the

statute creating the right of appeal (see inserted excerpt supra), since it does not provide when such an appeal to the county court may be taken from the complained of order of the county board of education, although the statute does prescribe that "The procedure on appeal shall be the same as in other civil cases." Therefore, it may be true (but which we do not now decide) that such an appeal may yet be prosecuted to the county court of Montgomery County from the order of the county board of education complained of by any citizen of the county school district. Such determination of the exclusive remedy by appeal also determines the right of the plaintiff and appellant, Henry Hunt, to maintain the action as a private citizen and tax payer of the county school district.

The present status of the division made by the Montgomery county board of education of the county school unit in conformity with the provisions of the 1940 amendment—as well as that of defendants who were elected pursuant thereto and in accordance therewith—are questions that are not necessary to be determined on this appeal, and which will not be further attempted in this opinion. It is sufficient to say that it is our conclusion that the court was correct in determining that plaintiffs could not maintain this action upon the grounds urged to obtain the relief they seek, since such relief was obtainable only through an appeal from the order of the county board to the county court as provided for in the 1940 amendment. All other questions which the trial court assumed to determine are left open without an adjudication from us, except we do not coincide with the opinion in holding that it was competent for the board to divide the county school district into election divisions which were not contiguous, the consequence of which is that a division into voting sections or areas entirely contiguous may yet be done, since the attempted division, attacked in this case, did not conform to our interpretation of the amendatory statute in the respect indicated.

Before closing the opinion, suggestions made in briefs touching the motives of the board in dividing the county school unit into voting divisions, and also relating to the motives of plaintiffs in prosecuting this litigation, have not escaped our attention. Those motives, as referred to in briefs, are political ones whereby the

parties engaged in maintaining and administering what, perhaps, is the most important public function of the state, are guided in their official actions, not by true loyalty in the proper administration of the public school laws so bountifully provided for the school children of the commonwealth, but by personal motives in furthering some scheme or purpose whereby they or their relatives or intimate friends may receive benefits from the public school fund, regardless of the effect it may have on the efficient administration of the school laws. Numerous instances have come before this court wherein it was plainly manifested that such selfish purposes were the dominant motives prompting the parties litigant. Such revealments are not only to be regretted, but call for stringent revision of our school codes and statutes against such subversive actions by public school officialdom, and with sufficient provided penalties as will insure freedom from such mismanagement so as to better guarantee the accomplishment of the laudible purpose in maintaining our public school system.

The court having dismissed plaintiffs' petition, which for the reson stated we think was proper, it follows that the judgment should be, and it is, affirmed.

The whole Court sitting.