## Mason et al. v. Montgomery County Board of Education et al.

Oct. 20, 1942.

Howard C. Hadden and Reid Prewitt for appellant.

John J. Winn and Lewis A. White for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Dismissing Appeal.

The Montgomery county board of education divided the county into five school districts pursuant to the authority contained in Section 4399-24, Carroll's Kentucky Statutes, 1941 Supplement. Upon the theory that the board had not formed the districts in accordance with law, two hold-over members of the board who were elected in the year 1938 filed a suit against the members elected in the year 1940, seeking a declaration of their rights in respect to the tenure of their offices. The opinion in that case was styled Marshall v. Whitt and may be found in 287 Ky. 290, 152 S. W. (2d) 945. The controversy therein was based upon the alleged invalid act of the board dividing the county so that some of the districts contained boundaries noncontiguous with each other. In affirming the judgment of the lower court dismissing the petition, the writer of the opinion indicated

that the relief sought could be obtained only by appeal from the order of the board of education in accordance with the provisions of Section 4399-24, supra, which prescribed among other things that:

"Any citizen in the district may prosecute an appeal from the action of the board in making a division line or a change thereof to the county court and from the county court to the circuit court of the county in which the district is located. The procedure on appeal shall be the same as in other civil cases."

Acting upon the suggestion of the writer of the opinion hereinbefore cited, appellants filed with the county court of Montgomery county this suit in the form of an appeal from the order of the board. Conceiving that the appeal was not taken within the time prescribed by Section 729, Civil Code of Practice, and, being of the opinion that section of the Code prevails in respect to actions of this character, the appeal was dismissed by the county court, which action was affirmed on appeal duly prosecuted to the circuit court. Appellants are here asking a review of the soundness of that judgment.

The right to appeal from a decision of a court of competent jurisdiction to an appellate court is not inherent, but is one which must be based upon statutory authority (Ky. Constitution, Section 110); Clouse v. Glass Milling Co., 285 Ky. 690, 149 S. W. (2d) 9, and cases therein cited. The section of the statutes, supra, governing the procedure in respect to appeals from the order of the county board of education does not permit the litigants to proceed beyond the judgment of the circuit court. It follows that this court has no jurisdiction of the question involved in this appeal, for which reason it is dismissed.