## Hawkins v. Department of Welfare et al.

October 22, 1946.

Henry Jack Wilson for appellant.

Eldon S. Dummit, Attorney General, and J. L. Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Fannie Hawkins brought this action in the Graves circuit court under section 639a—1 et seq. of the Civil Code of Practice for a declaration of rights. She named the Department of Welfare of the Commonwealth of Kentucky, John Quertermous, Commissioner of Welfare, and Aaron Paul, Acting Director of the Division of Public Assistance of the Department of Welfare, defendants. She filed an amended petition in which she named as defendants two employees of the Department of Welfare who resided and had offices in Graves county. In her petition she alleged that she was 76 years of age, had been a recipient of old age assistance under the provisions of Chapter 205 of the Kentucky Revised Statutes, had remained fully qualified under the Old Age Assistance Act to receive the assistance provided by the Act, and had received $13 a month for many years until February, 1946, when her name was arbitrarily dropped from the rolls by the Division of Public Assistance of the Department of Welfare. She further alleged that she met all the requirements set forth in section 205.020 of the Kentucky Revised Statutes, and was entitled to continue to receive old age assistance. She asked that section 205.020 be construed, and that the defendants be ordered to place her on the rolls of old age assistance recipients. The defendants demurred specially to the petition because the "Court has no jurisdiction of the subject of the action and, secondly, the Court has no jurisdiction of the parties defendant, and because the plaintiff has not exercised her statutory rights under the law in accordance with section 205.070, Kentucky Revised Statutes." The court sustained the demurrer on the third ground set out therein, and dismissed the petition.

The Old Age Assistance Act was enacted in 1936 pursuant to the provisions of section 244a of the Constitution adopted at the November election, 1935. Acts of

1936, Chapter 94. Section 4 of the Act, now, as amended, KRS 205.040, prescribes the duties of the Department of Welfare, and, among other things, provides that the Department shall develop standards and policies for old age assistance, and the administration thereof, and make such rules and regulations and take such action as may be necessary or desirable for the efficient administration of the Act. KRS 205.070 reads:

"Any applicant or recipient who is dissatisfied with the decision on his application, or because of delayed action on his application for old age assistance or because of the amount granted to him may appeal to the department in the manner and form prescribed by rules and regulations of the department. On receipt of such an appeal the applicant or recipient shall be given reasonable notice and opportunity for a fair hearing."

The plaintiff failed to allege in her petition that she had complied with the provisions of this section. It is argued on her behalf on this appeal that the section has no application to a recipient whose name has been removed from the rolls, and that the statute furnishes no remedy for one who falls in her classification. It is insisted that she is not an "applicant or recipient who is dissatisfied with the decision on his application, or because of delayed action on his application for old age assistance or because of the amount granted to him." We are unable to agree with this narrow interpretation of the statute. Obviously, it was the intention of the Legislature to provide a remedy under any state of facts where the applicant or recipient is dissatisfied with a decision which affects his rights. We see no distinction between decisions denying an application, granting an amount less than the applicant believes is just, reducing the amount after it has been fixed, or omitting it entirely. Under any of these circumstances the applicant or recipient must apply for a hearing before the Department of Welfare before he may resort to the judiciary. The general rule is that where a right is given by statute and a liability which did not exist at common law is created, the method, if any, provided by the statute for the enforcement of the right is exclusive and must be strictly pursued. Marshall v. Whitt, 287 Ky. 290, 152 S. W. 2d 945; Martin v. Board of Council of the City of Danville, 275 Ky. 142, 120 S. W. 2d 761; Grimes v. Central Life

Insurance Co., 172 Ky. 18, 188 S. W. 901; 1 C. J. S., Actions, sec. 6. In Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376, the court, in discussing the rule, said:

"The liability and the remedy were created by the same statute. This being so the remedy provided is exclusive of all others. A general liability created by statute without a remedy may be enforced by an appropriate common law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone must be employed."

In view of our conclusion that the court properly sustained the special demurrer on the third ground set forth therein, it is unnecessary to consider the remaining grounds.

The judgment is affirmed.