**YOUNT et al. v. CITY OF FRANKFORT.**

Court of Appeals of Kentucky.

Feb. 27, 1953.

Circuit Court remonstrating against the annexation. After raising certain questions not necessary here to relate, the remonstrants attacked the validity of the passage of the ordinance proposing annexation, and averred that KRS 81.190 violated both the State and the Federal Constitutions. The case first appeared on the docket of the September 1950 term but no action was taken at that term nor at the following January 1951 term. In March 1951, the city passed a second proposing ordinance to correct a description in the territory sought to be annexed. At the April 1951 term an amended and supplemental petition was filed by the remonstrants which made practically the same attack on the second ordinance that the original petition made on the first ordinance. The city had not answered and on May 2, 1951, plaintiffs moved for default judgment, which was overruled. On May 19, the city filed answer and on that day the court referred the case to a special commissioner, Hon. Allen Prewitt, to hear proof. After hearing the proof, the commissioner reported in favor of the annexation. Exceptions to his report were overruled and judgment was entered decreeing that the annexation was for the benefit of the city and of the owners of the property sought to be annexed and that the territory should be annexed; that the annexation ordinance was duly passed; that KRS 81.190 did not violate the State or the Federal Constitutions; and that the petition should be dismissed.

Appellants urge the judgment should be reversed because of the alleged error of the court in overruling their motion for a default judgment by reason of the failure of the city to answer within 20 days after the service of summons, in conformity with KRS 81.100, 81.110(1) and 81.190, which appellants contend make the time for filing answer mandatory. They cite such cases as Bischoff v. Hennessy, Ky., 251 S.W.2d 582; Hennessy v. Bischoff, Ky., 240 S.W. 2d 71; Keathley v. Town of Jenkins, 194 Ky. 156, 238 S.W. 377 and Allen v. Haddix, 178 Ky. 389, 198 S.W. 1155. None of these authorities support appellants' contention.

———◆———

Hobson & Meigs, Frankfort, for appellants.

Frank Dailey, Frankfort, for appellee.

SIMS, Chief Justice.

This appeal is from so much of a judgment as involves the validity of an annexation ordinance of the City of Frankfort, and a determination of whether KRS 81.-190 violates the Constitution of Kentucky and the Constitution of the United States.

Frankfort, a third class city, early in 1950 passed an ordinance proposing to annex certain territory lying to the East and to the North of the city. Within thirty days after the second reading of the ordinance, appellants, who are residents and freeholders in the area sought to be annexed, filed this action in the Franklin

The first two cases hold that an appeal to the circuit court under KRS 100.-057 in a zoning action must be prosecuted within 30 days. The Keathley opinion is to the effect that a petition protesting annexation must be filed within the time prescribed by statute. It is elementary that the statutory time prescribed within which an appeal may be taken, or within which an action may be filed, is always mandatory since it is really a statute of limitation. The Allen case involves an election contest under KS § 1596a–12 (now KRS 122.070) which provides the time within which various pleadings must be filed and proof taken. We have construed its provisions to be mandatory, unless it affirmatively appears a good excuse for delay exists arising out of unusual or extraordinary conditions. From the very nature of election contests, the statute intends they should be disposed of as expeditiously as possible and the time for filing pleadings and taking proof of necessity must be mandatory, otherwise the statute would have no force.

There is no reason to construe as mandatory that provision of KRS 81.110(1) which requires the answer to be filed within 20 days after service of the summons on the petition opposing annexation, since the statute does not attempt to expedite the time for taking proof or disposing of the case. Appellants were not prejudiced by the delay in filing this answer. Furthermore, they cannot complain of the ruling of the court denying them default judgment since KRS 81.190(4) provides there shall be no appeal from the judgment of the circuit court in annexation proceedings by a third class city. The power of the Legislature to deny the right of appeal has always been recognized. Section 110 Ky.Constitution; Mason v. Montgomery County Board of Education, 291 Ky. 654, 165 S.W.2d 346. However, we have written that where in the same case the constitutionality of an Act of the Legislature is raised, which is independent in its nature, strictly judicial and one of great consequence, it would be considered on appeal. Engle v. Miller, 303 Ky. 731, 199 S.W.2d 123. While we cannot consider the merits of this case on appeal, we can determine whether or not the ordinance proposing annexation was duly passed, as well as the constitutionality of KRS 81.-190.

It is argued by appellants that the ordinance proposing annexation is void because it was not passed by a two-thirds majority of the city council, in fact the council voted six in favor and six against the ordinance and the mayor cast the deciding vote in favor of the ordinance. The basis of appellant's argument is that when the territory is annexed, paving and improvements of its streets and laying of sewers in the annexed territory will be necessary, and KRS 85.110(2) requires ordinances of third class cities prescribing such work to be passed by a two-thirds majority of the council. Certainly, the ordinance proposing annexation cannot be construed to be an ordinance for the improvement of streets or alleys, or for the construction of sewers. In reality such an ordinance proposing annexation is but notice to the people so they may have an opportunity to file their remonstrance against the annexation.

Appellants' next contention that KRS 81.190 violates Kentucky Constitution § 2 (absolute and arbitrary power over life and property does not exist), § 59 (forbidding special legislation), and § 1 of the Fourteenth Amendment to the Federal Constitution (due process clause), is so conclusively answered in Lewis v. Brandenburg, 105 Ky. 14, 47 S.W. 862, 48 S.W. 978, on petition for rehearing, and Lenox Land Co. v. City of Oakdale, 137 Ky. 484, 125 S.W. 1089, 127 S.W. 538, on petition for rehearing, that we do not deem it necessary in this opinion to restate the law. It will suffice to lift this one excerpt from page 1091 of 125 S.W. in the Oakdale opinion:

"But it has been repeatedly announced, by this court and others, that the question of due process of law or the taking of property without compensation has no application to the annexation of territory to a municipality. The extension or reduction of the boundaries of a city or

town is held, without exception, to be purely a political matter, entirely within the power of the Legislature of the state to regulate. The established doctrine is that the state Legislature has the unlimited right to pass such laws for the annexation of territory to municipal corporations as in its judgment will best accomplish the desired end, and that a different method may be provided for each class."

However, we do want to take advantage of this opportunity to say that the instant case has been most excellently briefed on both sides and the briefs have been of much assistance and have greatly reduced our labors.

The judgment is affirmed.