**CITY OF SHEPHERDSVILLE, Kentucky,
Petitioner,**

**v.**

**Honorable William R. GENTRY, Judge, Bullitt Circuit Court, et al., Respondents.**

Court of Appeals of Kentucky.

July 2, 1965.

As Modified on Denial of Rehearing
Nov. 5, 1965.

Burlyn Pike, City Atty., Shepherdsville, for petitioner.

M. Gene Snyder, Taylorsville, Davis Williams, Munfordville, for respondents.

CULLEN, Commissioner.

Shepherdsville, a city of the fifth class, seeks an order prohibiting Circuit Judge William R. Gentry from taking any further proceedings in an annexation-remonstrance suit pending in the Bullitt Circuit Court, or, in the alternative, prohibiting him from entering a default judgment in that suit without permitting the city to file answer and without conducting a trial on the merits.

The city had moved that the suit be dismissed on the ground that it was filed after the 30-day period allowed by KRS 81.110 (which is made applicable to fifth-class cities by KRS 81.230). However, the city's motion was not filed until after expiration of the 20-day period allowed by KRS 81.110 for filing answer. The circuit court made a ruling that the motion was too late, and that in any event the suit had been filed in time. Thereafter the city sought permission to file an answer, which the court denied as being too late. The judge indicated that he would grant a default judgment against the city.

In seeking prohibition, the city maintains that (1) the remonstrance suit was not filed in time and therefore the circuit court has no jurisdiction; (2) the original attorney for the remonstrants (who subsequently withdrew from the case) had requested the city to withhold the filing of its motion to dismiss, or an answer, while he attempted to work out a settlement of the case, and the delay in filing the motion and answer was pursuant to that request and an understanding that there would be no objection raised by counsel to late filing; and (3) a

circuit court has no authority to enter a default judgment in an annexation-remonstrance suit.

It is provided in KRS 81.230 that there shall be no appeal from the judgment of the circuit court in a suit remonstrating against annexation by a fifth-class city. So the city does not have a remedy by appeal for the things complained of. However, that alone is not sufficient ground for a grant of prohibition.

It is shown in the record before us, and undisputed, that the questioned ordinance was passed by the council on January 13, 1965, but there was no newspaper publication of it until January 21, 1965. KRS 87.050 requires publication of a newly adopted city ordinance either by newspaper advertisement, or by public posting if no newspaper is published in the city. It has been held that an ordinance of a fifth-class city is not effective until such publication occurs. Bybee v. Smith, 61 S.W. 15, 22 Ky. Law Rep. 1684. Accordingly, the filing of the remonstrance suit on February 12, 1965, was timely within the purview of KRS 81.110(1). It follows, therefore, that the prayer for prohibition against the respondent judge's further proceeding in the remonstrance suit is without merit.

However, we think it would not be consonant with justice for the court to proceed to enter judgment against the city by default, without permitting it to file answer and without conducting a trial on the merits, after the parties, in good faith and apparently acting under the assumption that the court would honor their agreement, had agreed that the city should postpone the filing of its motion and answer. Cf. Yount v. City of Frankfort, Ky., 255 S.W.2d 632.

In Schaetzley v. Wright, Ky., 271 S.W.2d 887, we spoke of the parties' having received justice in the proper sense of having had due and fair consideration of their case. We think that justice in the instant case demands that the city be permitted to file an answer placing the allegations of the complaint in issue, and that the issues be tried on their merits.

Therefore, it is ordered that the respondent, Judge William R. Gentry, be and he is prohibited from entering judgment in Civil Action No. 1451 in the Bullitt Circuit Court, styled C. L. Troutwine, Sr., et al. v. City of Shepherdsville, Kentucky, except after permitting answer or other appropriate pleading to be filed and conducting a trial on the merits.