Thomas R. CHAMBERS; Constance Chambers; Veterans Thrift Store; Armina Lee, Ruth A. Trapp, Larry K. Trapp, Bral, Inc., Frances Peluso, James Peluso, Roger Peterson, Edward Mohlenkamp, Martha Mohlenkamp, William E. Barton, Jr., Sarakatsannis Realty Co., Stanley Statman, Trustee, E & B Properties, LLC, and Donald A. Hennard, as Owners of Several Parcels of Property as Named in Complaint; Geraldine M. Kamp; David H. Deiterman; Newport Liquor Dispensary; Dixie Chili, Inc.; Fred Schilling; Sheila Schilling; Bob Lee; Mary E. Curtis; Jennings F. Ayers; Marcia A. Ayers; James Peluso, Jr.; Raymond J. Broomall; William J. Broomall; David M. Pritchard, Revocable Living Trust; Kitty Pritchard, Revocable Living Trust; Edwin Rayburn; Shirley Rayburn; St. Clair Manor II; EMR, Inc.; Joseph R. Birkley; Combined Lock, Inc.; Wanda Goldston; Vernon Goldston; Benjamin Bowerman; Hugh L. Crawford; Scott Crawford; Coleen A. Hennard; EZ Cash Pawn; and Cobb, Inc., Appellants,

v.

CITY OF NEWPORT, Kentucky, Appellee.

No. 2001–CA–001169–MR.

Court of Appeals of Kentucky.

Sept. 6, 2002.

Discretionary Review Denied
April 17, 2003.

Case Ordered Published by
Supreme Court April 17, 2003.

D. Anthony Brinker, Covington, KY, for appellants.

Michael L. Schulkens, Newport, KY, for appellee.

Before GUDGEL, JOHNSON, and SCHRODER, Judges.

*OPINION*

GUDGEL, Judge.

This is an appeal from an order of dismissal entered by the Campbell Circuit Court. For the reasons stated hereafter, we affirm.

The City of Newport held a second public reading and passed Commissioner's Ordinance 0–2001–6, which assessed a portion of the cost of certain sidewalk improvements against appellants and other adjacent property owners. Appellants' circuit court challenge to the ordinance was dismissed as untimely. This appeal followed.

KRS 91A.200 through KRS 91A.290 relate to the subject of municipal public improvements, including the financing of such improvements through special property assessments. More specifically, KRS 91A.260 provides that within ninety days after the conclusion of a public hearing regarding a proposed improvement,

> the city shall determine whether to proceed with the improvement by special assessments, and if it determines to proceed shall adopt an ordinance so stating and containing all necessary terms, including the items referred to in KRS 91A.240 and description of all properties.

*Promptly upon passage the city shall publish such ordinance* pursuant to KRS Chapter 424 *and shall mail by certified mail to each affected property owner a notice* of determination to proceed with the project, the fair basis of assessment to be utilized, the estimated cost to the property owner, and the ratio the cost to each property owner bears to the total cost of the entire project. (Emphasis added.)

An affected property owner may then contest the project in accordance with KRS 91A.270(1), which provides in pertinent part:

*Within thirty (30) days of the mailing of the notice* provided for in KRS 91A.260, any affected property owner may file an action in the circuit court of the county, contesting the undertaking of the project by special assessment, the inclusion of his property in the improvement, or the amount of his assessment. (Emphasis added.)

██ Here, the record shows that the second public reading of the ordinance occurred on March 12, 2001, and that notice thereof was sent to the affected property owners by certified mail on March 13. Appellants' complaint was filed thirty-one days later on Friday, April 13. Appellants contend that their complaint was timely as it was filed within thirty days of their receipt of the individual notices, which occurred no earlier than March 14. Simply put, however, that argument is not meritorious since KRS 91A.270(1) specifically requires a property owner to take any action within thirty days of "the mailing" rather than within thirty days of "the giving" or "the receipt" of notice. Contrary to appellants' contention, a different conclusion is not compelled by *Energy Regulatory Commission v. Kentucky Power Co.*, Ky.App., 605 S.W.2d 46 (1980). In that case, the court merely indicated that if the running

of time is calculated from the service of notice, "it is not the sending but the receipt of a letter that constitutes true notice." *Id.* at 51. Similarly, a different result is not compelled by CR 6.05, which also pertains to the calculation of time "after the *service* of a notice" rather than after the mailing of the notice as here. (Emphasis added.)

██ Moreover, it is clear from a reading of KRS 91A.260 that there is no merit to appellants' assertion that the statute required the city to publish the ordinance in a newspaper before mailing notice to affected property owners, or that the time for mailing such notice did not begin to run until after newspaper publication of the ordinance. We also are not persuaded by appellants' contention that the court erred by dismissing their claim because they were entitled to challenge the ordinance's constitutionality even after the expiration of the statutory time provided for contesting the ordinance's enactment. Unlike the situations addressed in *Yount v. City of Frankfort*, Ky., 255 S.W.2d 632 (1953), and *Merritt v. City of Campbellsville*, Ky.App., 678 S.W.2d 788 (1984), appellants' circuit court complaint simply did not challenge the constitutionality of either the statutes or the procedures relating to the ordinance's enactment, and appellants were not entitled to raise such issues for the first time either on appeal or in response to appellee's motion to dismiss the complaint. Further, a different conclusion is not compelled by *City of Shepherdsville v. Gentry*, Ky., 395 S.W.2d 564 (1965), which turned on an appeal's timeliness as calculated from the date of an ordinance's newspaper publication rather than, as here, from the date of the mailing of notice to affected parties. Contrary to appellants' contention, publication time provisions regarding upcoming proposals, such as the provisions set out in KRS

424.130(1)(b), are not applicable here. Instead, the purpose of KRS 91A.260 publication, like that of KRS 424.130(1)(a) publication, is to effect notice of completed acts.

Because it is clear that the trial court did not err by dismissing appellants' complaint as untimely, it is unnecessary for us to address appellants' remaining contentions on appeal.

The court's order is affirmed.

SCHRODER, J., concurs.

JOHNSON, J., concurs in result only without opinion.