ALBION C. COOK & others vs. CITY OF FALL RIVER.

Bristol.   March 31, 1921. — May 28, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Fall River.   Municipal Corporations*, Public hospital.

A petition under R. L. c. 25, § 100, to prohibit the use of money borrowed by the
city of Fall River under Spec. St. 1916, c. 119, and St. 1920, c. 227, for the pur-
pose of building a tuberculosis hospital on the "Poor Farm," so called, which
already was owned by the city and was not purchased by the use of the money
acquired under those statutes, cannot be maintained since, by St. 1921, c. 98,
the city was authorized to borrow $300,000 " in addition to any sums heretofore
authorized on account of said hospitals " for " the purpose of constructing,
uniting, and consolidating its municipal hospitals now existing or hereafter to be
built, including its contagious, general and tuberculosis hospitals, . . . on any
land now belonging to the city of Fall River and authorized to be used for hos-
pital purposes or any additional land which may be acquired by it. . . . "

PETITION, filed in the Superior Court on July 13, 1920, under
R. L. c. 25, § 100, by fifteen taxable inhabitants of the city of Fall
River to restrain the making of any expenditure and the incurring
of any obligation in the erection of a tuberculosis hospital on the
"Poor Farm," so called, and especially from expending for a
tuberculosis hospital on the Poor Farm, the sum of $75,000
appropriated " for a tuberculosis hospital," and the sum of
$150,000 borrowed under the authority of Spec. St. 1916, c. 119,
and the sum of $200,000 borrowed under St. 1920, c. 227.

The petition was referred to a master.   Material facts found by
the master are described in the opinion.   Upon the filing of the
report and of exceptions thereto by the petitioners, the suit was
heard by *Thayer*, J., by whose order there were entered an inter-
locutory decree overruling the exceptions and confirming the re-
port and a final decree dismissing the petition with costs.   The
petitioners appealed.

*C. R. Cummings*, (*J. B. Cummings* with him,) for the petitioners.
*D. R. Radovsky*, for the respondent.

PIERCE, J.   This is a petition brought by fifteen taxpayers of
the city of Fall River to enjoin the respondent, its officers and

agents, from making any expenditures and incurring any obligations in the erection of a tuberculosis hospital on a tract of land in Fall River, known as the Poor Farm; and especially from expending for a tuberculosis hospital on the Poor Farm the sum of $150,000, the proceeds of the issue of bonds authorized under Spec. St. 1916, c. 119, the sum of $75,000, appropriated for that purpose on December 3, 1917, and the sum of $200,000, the proceeds of a loan authorized by St. 1920, c. 227, appropriated for a tuberculosis hospital on June 28, 1920. The petition alleges that the Board of Trustees of Hospitals is having plans drawn at great expense for the purpose of proceeding to erect upon said Poor Farm a tuberculosis hospital consisting of several buildings.

The petition was referred to a master who found that the city of Fall River has appropriated the sum of $425,000 for the building and equipment of a tuberculosis hospital upon the site. He found that the architect's plans are in progress, incomplete and subject to change, and that there was no evidence that specifications had been prepared. He found that the approximate or probable cost of the buildings as contemplated was $800,000. He found that it is impossible "to state at the present time what kind of a hospital the city will build;" and states, "I am unable to find that the respondent intends to spend any more money than already appropriated." The master does not find, and it is not alleged in the petition, that the respondent has made or is about to make any contracts which shall require the expenditure of money in excess of the amount duly appropriated therefor, if the loans authorized for the purposes stated in Spec. St. 1916, c. 119, and St. 1920, c. 227, justify the expenditures of such moneys in the erection, equipment and furnishing of a tuberculosis hospital on the land of the city called the Poor Farm.

The petitioners contend that Spec. St. 1916, and St. 1920, above referred to, prohibit the use of money borrowed under the authority of these acts for the purpose of building a hospital on land which was not acquired with money obtained from these loans. Chapter 119 of Spec. St. 1916, authorized the city of Fall River to borrow $150,000 beyond the statutory limit of indebtedness of the city "for the purpose of purchasing or otherwise acquiring land, and of constructing and equipping thereon a hospital for the care and treatment of persons ill with tuberculosis." St. 1920, c. 227,

authorized the city of Fall River to borrow a sum not exceeding $200,000 in excess of the statutory indebtedness "for the purpose of acquiring land and of constructing and furnishing buildings thereon for tuberculosis hospital purposes." The petitioners in support of their contention that the appropriations of $150,000 and $200,000 are illegal, argue that the plain intent of the Legislature which authorized the city to borrow the moneys is that land other than land already owned by the city of Fall River must be acquired by purchase or otherwise as a condition to the lawful use of any part of the money borrowed under the authority of the statutes of 1916 and 1920. And they cite as a case in point *Tukey v. Omaha*, 54 Neb. 370, wherein it was said upon facts somewhat similar to those in the case at bar, "That the mayor and council, in attempting to erect a market house on land already belonging to the city and used for another purpose, were departing from the terms of the vote in a material respect, and so diverting the funds at their disposal to an unauthorized purpose, is evident on a moment's reflection. . . ."

We think the argument of the petitioners places a more narrow and technical construction upon the presumed intent of the Legislature than a fair construction warrants. However, all doubt as to the right of the city to use the money which it was authorized to borrow by Spec. St. 1916, St. 1920, is set at rest by St. 1921, c. 98, which authorizes the city to borrow "three hundred thousand dollars in addition to any sums heretofore authorized on account of said hospitals" for "the purpose of constructing, uniting, and consolidating its municipal hospitals now existing or hereafter to be built, including its contagious, general and tuberculosis hospitals, . . . on any land now belonging to the city of Fall River and authorized to be used for hospital purposes or any additional land which may be acquired by it. . . ."

We think St. 1914, c. 237, did not require the sale of the Poor Farm but looked only to the disposition of the proceeds if the city should elect to sell the land and purchase a new site for an almshouse.

It results that the petition must be denied.

*Decree accordingly.*