# Combs, County Judge, et al. v. Center, et al.

(Decided May 16, 1930.)

E. C. HYDEN for appellants.

LEEBURN ALLEN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

At a special session of the fiscal court of Wolfe county held in the courthouse at Campton, the county seat, on August 27, 1927, and at which seven justices of

the peace and the county judge were present, an order was adopted and entered of record authorizing the purchase by the county of a "suitable building for the purpose of establishing a hospital," and appropriating $8,000 for that purpose. In the same order it was provided that the capacious brick residence "Of the late W. L. Hurst was a suitable building" for the purpose, and the proposition of the heirs of Hurst, he being dead, to accept that price and convey the property to the county for a hospital, was accepted. Later a deed was made by the Hurst heirs pursuant to their accepted proposition, and the agreed cash consideration of $500 was paid and warrants issued for the deferred payments, one of which amounting to $1,500 was paid before the judgment herein was rendered.

Shortly after the deed was taken this equity action was filed in the Wolfe circuit court by appellees, William Center and William J. Dunn, citizens and taxpayers of the county, against the county judge, and other members of the fiscal court, and the Hurst heirs to enjoin the execution of the contract of purchase and to rescind all that portion of it that had been executed and to recover for the county from the Hurst heirs the payments that had been made to them, and all upon the ground that the fiscal court was without authority to make the purchase in any event, but, if mistaken in that contention, then the call for the special session at which the above-mentioned order was made was itself void, and which fact destroyed the legality of everything done at that session. It was further averred that, in making the appropriation for the purchase, the fiscal court exceeded the revenue provided for that year contrary to the provisions of section 157 of the Constitution, and for that reason also it was void.

The answer as amended may be considered as a denial of all the material averments in the petition, except it was admitted that the purchase was agreed to be and was made as set out in the petition, but the absence of authority therefor was denied, as was also true with reference to the allegations in the petition concerning the legality of the special session of the fiscal court, and a further denial was made of the charge in the petition that the revenue for that year was exceeded in making the appropriation for the purchase price of the contemplated hospital. A demurrer filed to the answer as amended was sustained, and defendants

declined to plead further, and judgment was rendered in accordance with the prayer of the petition, and to reverse it defendants prosecute this appeal.

Considerable stress is made in brief for plaintiffs, upon the contention that the call for the special term of the fiscal court, which convened on August 27, 1927, and which was made by the county judge and put upon the records of the county court, was not signed by the county judge at the time it was made, nor had it been so signed at the time of the complained of order of the fiscal court entered at its special term that convened pursuant to that call; and for that reason everything done at the special session was invalid and void. In avoidance of that contention it is argued by counsel for defendants (a) that the order of the county judge calling the special term, though not signed by him at the time, was afterwards signed and which gave it a nunc pro tunc effect, but, if mistaken in that, then (b), no such record is required to be made in the calling of special sessions of fiscal courts, and with both of which we are inclined to agree; but, inasmuch as there can be no doubt of the correctness of argument (b) we will pass argument (a) without further comment.

We have searched the statute in vain for any such requirement as is contended for by plaintiffs, i. e., that there must be an order of the county court made on its records and duly signed by the presiding officer calling a special term of the fiscal court before one can be legally convened or held. The only statute that we have found upon the subject is section 1838 of Carroll's 1930 edition of the Kentucky Statutes, which was in effect at the time of the transactions here involved, and which says: "The fiscal court shall be a court of record, and shall hold two regular terms in each year, commencing on the first Tuesday of April and October, and continue until the business of the court is disposed of. But the county court of any county may, by an order of record, fix a different date for the commencement of said terms: Provided, That one of said terms shall be held in October. The county judge shall have power to call a special term of said court for the transaction of any business of which the court has jurisdiction. Whenever the necessity exists for a special session, and when the county judge is unable to act, the special session may be called by a majority of the court."

It will be seen that the section requires the holding of two *regular* terms of the fiscal court each year, and fixed the time for them on the first Tuesday of April and the first Tuesday of October. However, it says immediately thereafter "But the county court of any county may, by an order of record, fix a different date for the commencement of *said* terms." The language clearly and without possible ambiguity applies only to the fixing of the time for the holding of *regular* terms of the fiscal court different from those fixed in the statute. In other words, it empowers and authorizes the county court to change the dates for the convening of the regular terms of the fiscal courts, as provided in the statute, and which must be done by an order of record of the county court. There is not the slightest intimation that the inserted language refers to *special* sessions of the fiscal court; but, on the contrary, the inserted excerpt from the statute is immediately followed by a proviso saying "That one of said terms shall be held in October," and that "The county judge shall have power to call a special term of said court for the transaction of any business of which the court has jurisdiction." It is not, therefore, the *county court* that calls a special session of the fiscal court. On the contrary, it is the *county judge* who is required to make the call, and there is nothing in the statute requiring a record of his actions in that regard to be made. But, of course, it would include the duty by him to notify the members of the court of the time and place of the specially called session. See Meadows v. Williams, 163 Ky. 398, 173 S. W. 1114. It is not pretended in this case that any member of the fiscal court did not have notice of the meeting at which the attacked order and purchase were made, nor that any of them failed to attend. It is therefore apparent that the urged invalidity of the special session of the Wolfe fiscal court held on August 27, 1927, and at which the purchase of the building for a county hospital was made, is untenable and wholly without merit.

But it is next insisted that the county was without authority to purchase the building for a county hospital, and which argument is based exclusively, as we interpret counsel's brief, upon the interpretation of section 938e-1 and other sections in article 11 of chapter 34 of the same statutes, supra. The section relied on (938e-1) was first enacted in 1920, and is a part of chapter 52, page 221 of the Session Acts for that year. It was amended in some

of its features, but not in its general purpose, in 1924, chapter 88, page 231, and in 1926, chapter 156, page 721, of the Session Acts of those years. The title to the original 1920 act (c. 52) of which the section (938e-1) is a part, says: "An act authorizing counties of the State of Kentucky containing cities of second and third class to establish county hospitals and issue bonds for purchase of hospital site, construction and maintenance of same, and providing a tax levy for hospital expenses and maintenance and providing for a training school for nurses in connection therewith."

The amendatory acts extended the authority conferred by the 1920 act to counties containing cities of the fourth and fifth classes. Wolfe county, as is alleged in the petition and admitted by the answer, has in it no city of either the second, third, fourth, or fifth class, and it is contended that section 938e-1 is the only authority since its enactment for the acquisition of hospitals by a county, and such authority therein conferred limited the right to only a county having in it a city of either the second, third, fourth, or fifth class, and that requisite fact not being true with Wolfe county, its fiscal court had no authority to acquire the property in question for hospital purposes. It seems to be conceded by counsel for appellees and plaintiffs below that the authority of the fiscal officers of a county to acquire a hospital, if the financial affairs of the county were such as to permit it, was contained in the long-standing section 1840 of the same statutes supra, but they insist, or seem to do so, that the 1920 act, supra, containing section 938e-1 is so inconsistent with the authority contained in section 1840 as to repeal it by implication, and to supersede any authority conferred by the latter section. But we need not concern ourselves with a discussion of the doctrine of implied repeals, since it is perfectly clear, and we are positively so convinced, that the 1920 act, the first section of which is 938e-1 supra, viewed and construed in the light of its terms and of its title, refers only to the construction or acquiring of county hospitals *when* the finances of the county were not sufficient for that purpose, and it could only be done by the issual of bonds. The act itself provides for such issual, and its title expressly authorizes the "issue (of) bonds for purchase of hospital site, construction and maintenance of same" etc.

That act was never intended to deal with the right of a county or its fiscal court to acquire a county hospital when it had sufficient funds on hand for the purpose, and it could be done without the issual of the bonds of the county. No contemplated issue of bonds was attempted in this case by the fiscal court of Wolfe county, and the answer, to which a demurrer was sustained, expressly points out that the $8,000 proposed to be expended for the purpose would not consume the revenue that had been provided for the year by at least some four or five thousand dollars, and which fact the demurrer admitted.

The language in section 1840 supra, conferring the authority of the county, herein challenged, is, ''and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so.'' Whether Wolfe county, if it desired to issue bonds for the purpose, would be without authority to do so under the provisions of section 938e-1 because it does not have in it a city of either of the classes therein referred to, is a question not presented by this record, and, therefore, not determined. In support of the authority of the county to acquire the hospital under the authority conferred by section 1840 of our statutes, we refer to the case of Robinson v. Mercer Fiscal Court, 218 Ky. 452, 291 S. W. 721, and others therein cited.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside, and to overrule the demurrer to the answer and amended answers of defendants, and for other proceedings consistent with this opinion.