## Demunbrun v. Browning et al.

September 30, 1949.

T. H. Demunbrun for appellant.

B. M. Vincent for appellee.

JUDGE REES—Affirming.

At the regular November election in 1948, pursuant to an order of the fiscal court, the following question was submitted to the voters of Edmonson County:

"Shall Edmonson County, Kentucky, issue bonds to the amount of Sixty One Thousand Dollars ($61,000.00) for the purpose of constructing and furnishing a county public health clinic and hospital, in and for said county to be known as Edmonson County Clinic and Health Center."

2,149 voters voted yes, and 209 voted no. T. H. Demunbrun, suing as county attorney of Edmonson County and as a citizen, resident and taxpayer of the County, brought this action against the members of the fiscal court to prevent the issuance of the bonds. The petition alleges that the fiscal court is without authority to issue the bonds since the obligation created thereby is prohibited by Chapter 216 of the Kentucky Revised Statutes, and is in violation of section 157 of the Kentucky Constitution. A demurrer to the petition was sustained, the petition was dismissed, and the court adjudged that "each and all of the orders entered by the Fiscal Court, referred to in the petition are regular, legal and valid orders, and that the defendant has the full right and authority to sell the bonds referred to in the petition, that the election referred to in the petition is legal and valid, and that defendant has full right to sell the bonds referred to in the petition, and use the proceeds derived therefrom to construct a public health clinic in Edmonson County, Kentucky, and adjudges, that in doing so, the defendant does not violate any section of the Constitution, nor Chapter 216 of KRS nor any other section of KRS." Plaintiff has appealed.

It is first argued that Chapter 216 of the Kentucky Revised Statutes is the only authority fiscal courts have for establishing and erecting a hospital, clinic or health center; that this authority is conferred only upon fiscal courts in counties containing a second, third, fourth or fifth class city, and since Edmonson County does not have a city of any of these classes its fiscal court is without authority to construct a hospital. Section 216.010 of the Kentucky Revised Statutes is as follows: "Any county containing a city of the second, third, fourth or fifth class may, through its fiscal court, establish and erect a hospital for the use of its citizens, and for that purpose the fiscal court may acquire by gift, purchase, lease or condemnation any land or property situated wholly in the county where the hospital is to be located,

or any interest, franchise, easement, right or privilege therein that may be required for the purpose of constructing, furnishing, maintaining or operating the hospital. The method of condemnation of property shall be the same as that provided for the condemnation of property for public purposes."

Was it the intention of the Legislature in enacting this section to prohibit a county which does not contain a city of the classes enumerated therein from constructing and maintaining a hospital? We think not when other statutes on the subject are considered, particularly KRS 67.080, which defines the powers of fiscal courts. Subsection 8 provides that the fiscal court may "make provision for the maintenance of the poor, provide a poorhouse and poor farm, appropriate county funds for the benefit of infirmaries for the sick located in the county, provide for the care, treatment and maintenance of the sick and poor and provide a hospital for that purpose, or contract with any hospital in the county to do so." It is appellant's contention that this section merely empowers the fiscal court to provide a hospital when it has suffcient funds on hand for that purpose, but does not authorize the construction of a hospital out of the proceeds of a voted bond issue, and Combs v. Center, 234 Ky. 364, 28 S. W. 2d 37, 40, is cited. In that case the fiscal court of Wolfe County appropriated $8,000 to purchase a suitable building for the purpose of establishing a hospital, and it was held that although the county contained no city of the second, third, fourth or fifth class the fiscal court, under the authority conferred by section 1840 of the Kentucky Statutes, now KRS 67.080, could acquire a hospital when the county had adequate funds. In the course of the opinion it was said: "Whether Wolfe county, if it desired to issue bonds for the purpose, would be without authority to do so under the provisions of section 938-1 because it does not have in it a city of either of the classes therein referred to, is a question not presented by this record, and, therefore, not determined."

Under KRS 67.080 a county has broad powers in providing hospital facilities for the sick and the poor. State Bank and Trust Company v. Madison County, 275 Ky. 501, 122 S. W. 2d 99. In the absence of the Act of 1920, subsequently amended and now part of Chapter

74

216 of the Kentucky Revised Statutes, any county, under the broad power conferred by section 67.080, undoubtedly had authority to acquire a hospital out of the proceeds of a voted bond issue. Sections 157 and 158 of the Constitution contemplate that a county may incur an indebtedness within the limits prescribed with the consent of two-thirds of the voters thereof for any authorized county purpose. The Act of 1920 merely prescribed a special procedure for acquiring a hospital by issuing bonds in a county containing a city of the second, third, fourth or fifth class, and it was not the purpose of the Legislature to repeal KRS 67.080 in so far as it authorized counties not containing cities of the enumerated classes to acquire and maintain hospitals. Repeals by implication are not favored, and a statute will not be construed as repealing a prior statute unless it is so clearly repugnant as to admit of no other reasonable construction. Tipton v. Brown, 277 Ky. 625, 126 S. W. 2d 1067.

There is no merit in the suggestion, and it is nothing more, that the issuance of the proposed bonds will violate section 157 of the Constitution. The procedure required by that section was followed, and the amount of the indebtedness is within the limits prescribed by section 158 of the Constitution.

The judgment is affirmed.