**H. H. HOLCOMB et al., Appellants,**

**v.**

**Jasper MAYES et al., Appellees.**

Court of Appeals of Kentucky.

May 11, 1956.

W. Clay Robinson, Booneville, for appellants.

Hunter M. Shumate, Irvine, for appellees.

MONTGOMERY, Judge.

Appellants have moved for an appeal from a judgment of the circuit court voiding a judgment of the county court in an

appeal from an order of the Owsley County Board of Education, changing and altering the geographical boundaries of the five educational divisions in that county. This is a related case to Commonwealth of Kentucky ex rel. Buckman, v. Mason, Ky., 284 S.W.2d 825.

The manner of election of members of a county board of education from school divisions is set forth in KRS 160.210. Provision is made in subsection (3) of the statute for alteration of the division boundaries under certain conditions. The Owsley County Board of Education, by its order entered March 7, 1955, changed and altered the boundaries of the divisions in that county. Appellants, as qualified voters, brought this action to void the order of the Board.

The method of appeal from the Board's order is provided in KRS 160.210(4), which is:

"Any citizen in the district may prosecute an appeal to the county court from the action of the board in making a division line or a change thereof, and from the county court to the circuit court of the county in which the district is located. The procedure on appeal shall be the same as in other civil cases."

■ Appellants have sought to proceed under this section. In Mason v. Montgomery County Board of Education, 291 Ky. 654, 165 S.W.2d 346, it was held that the right to appeal from a decision of a court of competent jurisdiction to an appellate court is not inherent, but must be based upon statutory authority. The section of the statute in question governing the procedure in respect to appeals from an order of a county board of education does not permit the litigant to proceed beyond the judgment of the circuit court, according to the Mason case.

It is urged that KRS 21.060, concerning the appellate civil jurisdiction of this Court, by subsection (2)(a), authorizes an appeal in this case. This section provides that the court may grant an appeal if the value of the amount or thing in controversy is as much as $200, provided it is satisfied from the record that the ends of justice require that the judgment appealed from be reversed. Neither of these requirements has been met.

■ The present case is distinguishable from the cases relied on by appellant because there is a specific statute, KRS 160.210, regulating appeals from the orders of county boards of education, while in the cases cited there was no such specific legislative enactment. It is within the province of the Legislature to change or modify the right to appeal. In the exercise of that right, it may provide for appeals in certain cases or may fail to provide for an appeal. Kentucky Constitution, § 127; Morton v. Woodford, 99 Ky. 367, 35 S.W. 1112, 18 Ky.Law Rep. 271; McInteer v. Moss, 144 Ky. 667, 139 S.W. 842; Lakes v. Goodloe, 195 Ky. 240, 242 S.W. 632; Walters v. Fowler, Ky., 280 S.W.2d 523.

■ The statute involved, KRS 160.210, cannot be considered as having been amended or revised by enactment of KRS 21.060, since it was not re-enacted or published at length. Kentucky Constitution, § 51; Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S.W. 1017. Nor can the statute be considered as having been repealed by implication insofar as to permit the appeal sought, since the two statutes are not repugnant or irreconcilable. V.T.C. Lines v. Durham, 272 Ky. 638, 114 S.W.2d 1089; Tipton v. Brown, 277 Ky. 625, 126 S.W.2d 1067. Repeal by implication is not favored. Demunbrun v. Browning, 311 Ky. 71, 223 S.W.2d 372; Benjamin v. Goff, 314 Ky. 639, 236 S.W.2d 905. Especially is this true when the statute has been given a settled meaning by an adjudication of the court of last resort, as is the case here. Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S.W. 125.

It is unnecessary to consider other questions raised, in our view of the case.

The motion for appeal is overruled and the judgment is affirmed.