CITY OF EDDYVILLE, Kentucky, et al.,
Appellants,

v.

CITY OF KUTTAWA, Kentucky, et al.,
Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1961.

Lee S. Jones, R. T. Baker, Heber E. Johnson, Louisville, James E. Story, Kuttawa, for appellants.

C. C. Molloy, Sr., Kuttawa, for appellees.

MONTGOMERY, Judge.

This is a contest between the cities of Eddyville and Kuttawa over the annexation of certain territory situated between the two cities. Kuttawa won in the lower court.

Both are fifth-class cities, each having a population of about eight hundred. They are located about one mile apart in Lyon County on Cumberland River. Relocation of both cities became necessary by reason of the construction of Barkley Dam and the formation of Barkley Lake. Efforts to merge the two communities into a new city to be erected at a new site failed, apparently because of the long standing business rivalry between them and inability to obtain relocation of certain highways.

Eddyville, the county seat, selected a relocation site near the geographical center of the county. This site is about one mile north of the city's present location. The new site and the intervening territory have been annexed by Eddyville.

Kuttawa selected a relocation site about one mile west of its present location. It annexed the relocation site and an area east of the present city, extending the Kuttawa city limits to within three hundred feet of the Eddyville city limits.

The cost of relocating certain city services was borne by the federal government because their relocation was occasioned by the formation of the lake. Under such arrangement, the site for the new Eddyville water plant was located on U. S. Highway 641 midway between the new Eddyville and Kuttawa. It will be on the eastern edge of a bay forming part of the lake.

The land in the bay area is in two tracts, one known as the Kuttawa Mineral Springs tract of one hundred and sixty-five acres and the other known as the Marshall tract of fifty-three acres. Both tracts are owned by J. Philip Glenn, a member of the city council of Kuttawa. Eddyville's water plant site is a part of the Kuttawa Mineral Springs tract, and its title will be acquired finally by the federal government for Eddyville. It is this bay area extending from the Kuttawa city limits toward Eddyville city limits that is involved in the Kuttawa annexation proceeding questioned in this action.

The first ordinance seeking to annex this area was passed by the Kuttawa city council on June 27, 1960. The Eddyville water plant site was excluded. The Kuttawa council passed its second annexation ordinance on July 28, 1960. The Eddyville city council passed an ordinance designed to annex the territory involved on July 15, 1960. On July 23, 1960, this action was filed.

The plaintiffs, now appellants, were the City of Eddyville, James W. Riley, and J.

I. Moore. There is no serious contention that any of them were "residents or freeholders of the territory proposed to be annexed." The defendants, now appellees, were the City of Kuttawa and six named individuals including J. Philip Glenn, who, it is alleged, "claimed to be and have acted as councilmen of the city of Kuttawa in proposing said Ordinances, * * *."

It is alleged in the complaint that the Kuttawa ordinance is invalid because: (1) The annexation is not in the interest of the City of Kuttawa; (2) the annexation is detrimental to Eddyville; (3) the ordinance has no public purpose; and (4) none of the purported Kuttawa councilmen except Glenn was a property holder at the time of his election within the meaning of KRS 87.160.

In addition, it was alleged that Glenn conspired with the other defendants "to deliver to him control of Eddyville's water plant by annexing the same to Kuttawa so that expansion of the water plant on his surrounding land * * * would be impossible and to thereby force abandonment of said plant," all for the intended personal gain of Glenn and to the irreparable injury and damage of the appellants.

The lower court heard proof, viewed the territory involved, and denied relief to appellants. It was adjudged that none of the appellants was a freeholder or resident of the territory proposed to be annexed or had any right or standing to protest the annexation or to question the eligibility of the members of the Kuttawa city council. It was further adjudged that the Kuttawa ordinance was valid and that the Eddyville ordinance so far as it involved the territory in the Kuttawa ordinance was of no effect. Appellants' complaint was dismissed

The questions raised and decided in this action show, in substance, that it is a protest against the Kuttawa annexation. Inasmuch as Kuttawa is a fifth-class city, the protest is governed by the procedure provided in KRS 81.100, 81.110, and 81.230.

The latter statute provides: "There shall be no appeal from the judgment of the circuit court." Appellees' motion to dismiss the appeal was passed until the merits of this case could be considered.

Appellants contend that KRS 87.050(4) authorizes this appeal. It provides:

"The validity or constitutionality of any city ordinance, bylaw or rule shall be tried by a writ of prohibition from the circuit court of the county in which the city is located, with right of appeal by either party to the Court of Appeals."

KRS 81.230(3) containing the no-appeal provision was formerly Section 3612, Carroll's Kentucky Statutes, and was first enacted in 1893 as Section 6, Chapter 250, Acts 1891–'92–'93, page 1357, entitled: "An Act for the government of cities of the fifth class." KRS 87.050(4) containing the appeal provision relied on by appellants was formerly Section 3639, Carroll's Kentucky Statutes, and was first enacted in 1894 as Section 62, Chapter 50, Acts 1894, page 121, entitled: "An Act to amend chapter two hundred and fifty of the Acts * * * for the government of cities of the fifth class." While the Act provided for an appeal from a judgment as to the validity or constitutionality of any city ordinance, it did not mention an appeal from an ordinance proposing annexation. None of the cases relied on by appellants to sustain this contention concerned annexation proceedings.

■ While appellants do not say so specifically, apparently it is their thought that KRS 87.050(4) by implication repealed KRS 81.230(3). The later statute is general in its terms; i. e., it deals with appeals concerning the validity and constitutionality of ordinances generally. It makes no reference to the earlier statute which applies to a particular class of cases, i. e., concerning annexation ordinances. Repeal by implication is not favored and will not be upheld unless such an intention clearly

appears or unless the repugnancy is so clear as to admit of no other reasonable construction. Logsdon v. Howard, 280 Ky. 342, 133 S.W.2d 60; Demunbrun v. Browning, 311 Ky. 71, 223 S.W.2d 372.

■ The rule is that a general statute is not to be construed as repealing a previous particular act unless there is some express reference to the previous legislation on the subject or unless the two acts are necessarily inconsistent. Commonwealth v. Cain, 14 Bush 525, 77 Ky. 525; City of Louisville v. Louisville Water Co., 105 Ky. 754, 49 S.W. 766, 20 Ky. Law Rep. 1529; Mauget v. Plummer, 107 Ky. 41, 52 S.W. 844, 21 Ky. Law Rep. 641; Raubold v. Commonwealth, 54 S.W. 17, 21 Ky. Law Rep. 1125. It, therefore, is concluded that the later statute did not repeal the earlier one; hence, KRS 87.050(4) does not authorize an appeal to consider the merits of a judgment concerning annexation in a fifth-class city. Hannah v. City of South Shore, Ky., 332 S.W.2d 247, is distinguishable because it dealt with a sixth-class city and a different statute.

While the merits of the annexation herein cannot be considered, it can be determined whether the ordinance proposing annexation was regularly passed as well as whether it is constitutional. Yount v. City of Frankfort, Ky., 255 S.W.2d 632. For this reason, the motion to dismiss the appeal must be overruled.

■ Appellants have failed to point out any way in which the annexation proceeding does not conform to the governing statutory provisions. It is argued in the brief that five of the councilmen did not own real property in Kuttawa at the time of their election as prescribed by KRS 87.160. The evidence shows this to be untrue and further shows that counsel for appellants on the trial said: "We are making no point of that." There is no merit in such contention.

■ Appellants seek to attack the validity of the annexation proceeding by saying

that it is without public purpose and was done in furtherance of a conspiracy for the betterment of one of the councilmen. The act of enlarging the territorial limits of a city is legislative. Carrithers v. City of Shelbyville, 126 Ky. 769, 104 S.W. 744, 31 Ky. Law Rep. 1166, 17 L.R.A.,N.S., 421. Unless tainted by malice, fraud, or corruption, the courts are not concerned with the "motives which impel or the expediency or wisdom of legislative or administrative action, for that does not affect its legality or validity." Louisville & Jefferson County Metropolitan Sewer Dist. v. Joseph E. Seagram & Sons, 307 Ky. 413, 211 S.W.2d 122, 125, 4 A.L.R.2d 588, and collected cases cited therein.

In City of Louisville v. Kraft, Ky., 297 S.W.2d 39, 42, the Court said:

"The political and economic advisability of annexation, and the policy questions involved in the problem of municipal expansion, are to be determined solely by the legislative branch of government. * * * Constitutionally, the legislature cannot delegate to the courts its policy functions in this field, or leave to the courts to determine, as a matter of discretion or judgment, whether annexation should take place."

See authorities cited therein.

In Meffert v. Brown, 132 Ky. 201, 116 S.W. 779, 780, 1177, on an issue as to defendant's eligibility to a city office, the motive of the members of a city council in annexing territory including his residence was held to be immaterial. The Court, speaking through Settle, C. J., said:

"* * * where the necessity for the annexation has been determined by the general council of the city in conformity to the statute, and the annexation consummated without objection or resistance from the residents and property owners of the annexed territory, the validity thereof cannot subsequently be collaterally attacked. * * *"

■ This matter has been considered at length because of the great public interest involved. No question of constitutionality is presented. Considering the limited grounds afforded for attack and the nature of the attacks made by appellants, the judgment is fully supported by the proof and no error is found. While it is insisted that the trial court erred in treating this controversy as an annexation problem (appellants insist that they should have equitable relief), the trial court was correct. The Kuttawa annexation proceeding is valid.

Judgment affirmed.