Ray THOMAS, Appellant,

v.

HOWARD COUNTY HOSPITAL AUTHORITY et al., Appellees.

No. 4602.

Court of Civil Appeals of Texas, Eastland.

Dec. 15, 1972.

Rehearing Denied Jan. 12, 1973.

George T. Thomas, Big Spring, for appellant.

Weaver & Ferguson (John T. Ferguson), W. H. Eyssen, Jr., Big Spring, Marvin F. Sentell, Asst. Atty. Gen., Austin, for appellees.

McCLOUD, Chief Justice.

This case involves the constitutionality of the County Hospital Authority Act, Article 4494r, Vernon's Ann.Civ.St.

The Commissioners Court of Howard County pursuant to Article 4494r, V.A.C.S., entered an order establishing the Howard County Hospital Authority. Ray Thomas filed suit against the Commissioners Court and the Board of Directors of the Howard County Hospital Authority, alleging that Article 4494r, V.A.C.S., was unconstitutional. The Howard County Hospital Authority under Article 717m, V.A.C.S., filed a proceeding in rem for the purpose of determining the validity of the actions which had been taken regarding the creation of the Hospital Authority and the proceedings taken by the Hospital Authority concerning the issuance, sale and delivery of revenue bonds. The court consolidated the suit filed by Thomas with the suit filed by the Hospital Authority. In a trial without a jury judgment was entered upholding the validity of the Hospital Authority, the actions which had been taken by the Authority and certain proposed actions as set forth in the judgment. Ray Thomas has appealed. The record consists of the transcript only.

Appellees contend that this is an appeal from a special statutory proceeding and under Section 7 of Article 717m, V.A.C.S., a person dissatisfied with the judgment of the trial court must appeal to the Court of Civil Appeals within 20 days after the entry of such decree. Appellant, Thomas, did not perfect his appeal by filing an appeal bond within 20 days as required and we are of the opinion that this Court has no jurisdiction of the appeal and the appeal must be dismissed. Hatten v. City of Houston, 373 S.W.2d 525 (Tex.Civ.App. —Houston 1963, writ ref. n. r. e.).

We have decided to pass upon the constitutional questions raised so that a remand will not be necessary in the event we are in error in holding that the appeal should be dismissed.

The unconstitutionality claim is directed at Sections 3 and 16 of Article 4494r, V.A.C.S., which provide:

"Sec. 3. When the Governing Body of a county shall find that it is to the best interest of the County and its inhabitants to create a County Hospital Authority, it shall pass an order creating the Authority and designating the name by which it shall be known. The Authority shall comprise only the territory included within the boundaries of such

County *and shall be a body politic and corporate and a political subdivision of the State.* It shall have the power of perpetual succession, have a seal, may sue and be sued and may make, amend and repeal its bylaws. (emphasis added)

Sec. 16. Recognizing the fact that the property owned by Authority will be held for public purposes only and will be devoted exclusively to the use and benefit of the public, it shall be exempt from taxation of every character."

Thomas says that an Authority created under Article 4494r is in fact not a "body politic and corporate and a political subdivision of the State" because the Act fails to place upon such hospital authority required duties or responsibilities.

■ It has been held that no provision of the Constitution of Texas prohibits the Legislature from creating a governmental agency and body politic. Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699 (1959); Texas Turnpike Authority v. Shepperd, 154 Tex. 357, 279 S.W.2d 302 (1955). In Seydler v. Border, 115 S.W.2d 702 (Tex.Civ.App.—Galveston 1938, writ ref.), the Court held the Legislature has plenary power to authorize counties to establish hospitals to provide for the care and treatment of the sick. The Court said:

" . . . having been initiated, maintained, and declared as a governmental policy, the authorization of bonds for the construction and maintenance of hospitals by county units for the care of the sick, as therein contained, necessarily constituted it a public purpose, as contradistinguished from a private one 'in aid of, or to any individual, association, or corporation whatsoever'; in fact, it has been held by the courts in a number of

the other states that such construction and maintenance of hospitals constitutes a public purpose. State v. Walton County, 97 Fla. 59, 119 So. 865; Combs v. Center, 234 Ky. 364, 28 S.W.2d 37; Smith v. Smith, 174 App.Div. 473, 160 N.Y.S. 574; Cook v. City of Fall River, 239 Mass. 95, 131 N.E. 345."

We have carefully reviewed the powers and responsibilities granted to an Authority created under the Act and have concluded that appellant's contention is not valid. An Authority is given among other powers and responsibilities the power of eminent domain and the power to acquire and maintain hospitals. The Authority may issue revenue bonds to provide funds, however, the Act contains explicit financing restrictions. The Act expressly provides that any hospital shall be operated for the use and benefit of the public. See Attorney General's opinion M–260 (1968).

■ Thomas next argues that Section 16 of the Act is unconstitutional because it exempts the property of an Authority from taxation. Section 2 of Article VIII of the Constitution of Texas grants the Legislature the power to exempt property owned by any public agency and used for public purposes. City of Beaumont v. Fertitta, 415 S.W.2d 902 (Tex.Sup.1967). We think that Article 4494r, V.A.C.S., clearly requires that the property of the Authority be used for public purposes.

We hold that appellant has failed to discharge his burden of establishing that Sections 3 and 16 of the Act are unconstitutional.

We hold first that the appeal must be dismissed, however, if we should be in error, then we affirm the judgment of the trial court.