**Anne Hite CORN et al., Appellants,**

**v.**

**CITY OF WINDY HILLS, Appellee.**

Court of Appeals of Kentucky.

May 23, 1975.

---

Charles R. Boyer, Thurston M. J. Crady, Robert E. Fleming, Louisville, for appellants.

Foster L. Haunz, Frank J. Dougherty, Jr., Louisville, for appellee.

CATINNA, Commissioner.

This is an appeal from a judgment of the Jefferson Circuit Court, Chancery Branch, Third Division, upholding the right of the City of Windy Hills to annex certain territory, including that of the appellants, the Windhurst Subdivision.

By an ordinance dated April 12, 1971, the City of Windy Hills proposed to annex the Windhurst Subdivision and several adjoining tracts, all of which were contiguous to the boundaries of the City of Windy Hills and also to the boundaries of the City of St. Matthews. On May 11, 1971, Anne Corn and others filed this action seeking to prevent such annexation. In the meantime, the City of St. Matthews, by an ordinance dated November 14, 1972, proposed to annex practically the same territory, including in part the Windhurst Subdivision. On November 27, 1972, St. Matthews filed an action in the Jefferson Circuit Court, Chancery Branch, Fourth Division, seeking approval of the proposed annexation. William H. McGalin and others filed a remonstrance action against such annexation on January 5, 1973.

The City of Windy Hills moved that the St. Matthews case be reassigned to the Chancery Branch, Third Division, where there was then pending the remonstrance action filed against the City of Windy Hills. An order was entered reassigning and transferring the case to the Third Division, Chancery Branch, to be consolidat-

ed with the Windy Hills remonstrance, it being the senior action.

Chancery Branch, Third Division, refused to consolidate the St. Matthews and Windy Hills actions but entered an order abating the St. Matthews action until the City of Windy Hills action had been resolved and a final judgment entered.

Upon a trial of the Windy Hills action, findings of fact and conclusions of law were made by the court and on July 10, 1974, a judgment was entered approving the annexation of the territory described by the City of Windy Hills and dismissing the remonstrance suit of Anne Corn and others.

At the same time a judgment was entered in the St. Matthews case which recited the entry of the Windy Hills judgment and the court's conclusion that such judgment had the effect of vitiating the St. Matthews action and rendering its question of annexation moot. The court directed that the St. Matthews action be dismissed. St. Matthews appealed from this order of dismissal. See City of St. Matthews v. William J. McGalin et al., Ky., 528 S.W.2d 667, this day decided.

The City of Windy Hills moved that the instant appeal be dismissed, and such motion was passed to the merits of the appeal.

Windy Hills is a fifth-class city. KRS 81.010(5). Annexations by fifth-class cities are governed by KRS 81.230 which provides that territory may be annexed in the same manner and under the same procedure as provided in KRS 81.100 and 81.-110 for the annexation of a territory by a first-class city with two exceptions, the second one being: "There shall be no appeal from the judgment of the circuit court."

In view of this statutory provision, Anne Corn and others did not have the right to appeal from the judgment of the Jefferson Circuit Court, Chancery Branch, Third Di-

vision, approving the annexation of the territory, as described in the proceeding, by the City of Windy Hills. See Yount v. City of Frankfort, Ky., 255 S.W.2d 632 (1953); City of Eddyville v. City of Kuttawa, Ky., 343 S.W.2d 404 (1961); and Jobe v. City of Erlanger, Ky., 383 S.W.2d 675 (1964).

The appeal is dismissed.

All concur.