

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 29, 1976

The Honorable Curtis Wilkinson
County Attorney
County of Lamb
P. O. Box 946
Littlefield, Texas   79339

Opinion No. H-914

Re:  May Lamb County
finance a proposed revenue
bond feasibility study for
the Lamb County Hospital
Authority.

Dear Mr. Wilkinson:

You advise that in 1974 the Lamb County Commissioners Court passed an order creating the Lamb County Hospital Authority, pursuant to article 4494r, V.T.C.S.  The appointed board of directors for the Authority has requested that the county pay for a study to determine if there is a financially attractive basis upon which hospital revenue bonds might be sold by the Authority to finance the erection, furnishing and operation of a hospital.

Unless such a study is conducted which confirms that it is economically feasible to construct and operate a hospital in Lamb County, a good rating for the proposed bonds cannot be obtained.  Such studies are statutorily sanctioned.  See Hospital Project Financing Act, V.T.C.S. art. 4437e-2, § 3(c)(4).  The directors of the Authority propose to repay the county from anticipated bond sale proceeds.  According to your letter, the study is expected to cost between ten thousand and forty thousand dollars.  You ask:

> Does the Lamb County Commissioners Court
> have legal authority to expend public funds
> for a feasibility study preparatory to the
> Lamb County Hospital Authority issuing
> revenue bonds?

The Lamb County Hospital Authority is "a body politic and corporate and a political subdivision of the State." V.T.C.S. art. 4494r, § 3; Thomas v. Howard County Hospital Authority, 489 S.W.2d 403 (Tex. Civ. App. -- Eastland 1972), writ ref'd n.r.e., 498 S.W.2d 146 (Tex. Sup. 1973). It is an entity distinct and separate from the county. Attorney General Opinion M-260 (1968). Cf. Attorney General Opinion H-554 (1975). The statute under which it was created denies it taxing power but it is empowered to raise funds by issuing revenue bonds and may accept donations, gifts and endowments. V.T.C.S. art. 4494r, §§ 1, 7, 19.

While one political subdivision may not constitutionally make a gift of its public funds to another political subdivision or lend it its credit, Tex. Const. art. 3, § 52, a county is not prohibited by the Constitution from expending its funds for a proper public purpose merely because the expenditure will incidentally benefit another political subdivision. See Harris County Flood Control Dist. v. Mann, 140 S.W.2d 1098 (Tex. Sup. 1940). Cf. Barrington v. Cokinos, 338 S.W.2d 133 (Tex. Sup. 1960). In Dancy v. Davidson, 183 S.W.2d 195 (Tex. Civ. App. -- San Antonio 1944, writ ref'd), it was held that article 5, section 18 of the Texas Constitution and article 2351, section 7, V.T.C.S., authorized the Cameron County Commissioners Court to make expenditures for the purchase of a public building to house a state public health unit serving the county, as well as other state and federal agencies serving the county. The Court stressed that the agencies and offices were performing governmental and public functions which benefitted the entire county.

The public health of the populace is, of course, a proper concern of the Lamb County Commissioners Court. Article 4418f, V.T.C.S., specifies:

> The Commissioners Court of any County shall have the authority to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County.

It seems clear that the Lamb County Commissioners Court might have expended county funds to pay for a feasibility study before it created the hospital Authority. The erection, furnishing, and operation of a county public hospital is a proper public function benefiting the entire county which it might have undertaken itself. V.T.C.S. art. 4478; art. 4418f; Seydler v. Border, 115 S.W.2d 702 (Tex. Civ. App. 1938, no writ). The creation of the Authority did not withdraw from the commissioners court the power to respond

to the public health needs of the county, [Compare Tex. Const., arts. 9, §§ 4, 9 and 13; Attorney General Opinions C-772 , C-646 (1966)] and under the facts presented to us, if the Commissioners Court of Lamb County determines that it is in the best interests of the county to undertake and pay for a hospital revenue bond feasibility study, we cannot say the Texas Constitution forbids it.

The Interlocal Cooperation Act, article 4413(32c), V.T.C.S., authorizes "the fullest possible range of inter-governmental contracting authority at the local level" to improve the efficiency and effectiveness of local governments. See also V.T.C.S. art. 4434; Attorney General Opinion C-772 (1966). The County Hospital Authority Act, article 4494r, requires bonds issued under it to specify that holders of the bonds shall never have the right to demand payment out of money raised or to be raised by taxes, but it does not forbid the use of tax money to aid the Authority. It does not repeal article 4418f.

### S U M M A R Y

The Lamb County Commissioners Court has legal authority to expend public funds for a feasibility study preparatory to the Lamb County Hospital Authority issuing revenue bonds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb