

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 17, 1997

The Honorable David Sibley
Chair, Senate Economic Development Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-430

Re: Whether Government Code section 417.0041 delegates rule-making authority to fire protection advisory councils in contravention of the Texas Constitution, article III, section 1 (RQ-909)

Dear Senator Sibley:

You ask whether Government Code section 417.0041 delegates rule-making authority to certain fire protection advisory councils in contravention of the Texas Constitution. The constitutional provision at issue, article III, section 1, states as follows: "The Legislative power of this State shall be vested in a Senate and House of Representatives." Legislative delegations of authority are also often challenged under article II, section 1, the separation of powers provision. Courts have construed article II, section 1 and article III, section 1 to permit the legislature to delegate rule-making authority to an administrative agency if the legislature "establishes 'reasonable standards to guide the entity to which the powers are delegated.'"[1] Legislative authority may even be delegated to private entities if the legislative purpose is discernible and there is protection against the arbitrary exercise of power.[2]

In 1991, the legislature transferred certain duties relating to fire safety from the State Board of Insurance (the "board") to the Commission on Fire Protection (the "commission"). *See* Act of May 27, 1991, 72d Leg., ch. 628, §§ 11, 13, 15 & 18, 1991 Tex. Gen. Laws 2286, 2309-11. This legislation shifted authority regarding fire extinguishers, fire detection and alarm devices, fire protection sprinkler systems, and fireworks from the board to the commission. *See id.* (enacting Ins.

---

[1] *Edgewood Indep. Sch. Dist. v. Meno*, 893 S.W.2d 450, 474 (Tex. 1995) (quoting *Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 689 (Tex. 1992)); *see also Texas Antiquities Comm. v. Dallas County Community College*, 554 S.W.2d 924, 928 (Tex. 1977) (statutory delegations of power may not be accomplished by overly broad or vague language); *Commissioners Court of Lubbock County v. Martin*, 471 S.W.2d 100, 105 (Tex. Civ. App.—Amarillo 1971, writ ref'd n.r.e.) (legislative delegation must prescribe sufficient standards to guide agency in exercising discretion conferred).

[2] *See Office of Pub. Ins. Counsel v. Texas Auto. Ins. Plan*, 860 S.W.2d 231, 237 (Tex. App.—Austin 1993, writ denied); *see also Central Power & Light v. Sharp*, 919 S.W.2d 485, 492 (Tex. App.—Austin 1996, writ requested). *But see Minton v. City of Fort Worth Planning Comm'n*, 786 S.W.2d 563, 565 (Tex. App.—Fort Worth 1990, no writ) (legislative power may not be delegated to narrow segment of community); Attorney General Opinion DM-135 (1992).

Code, arts. 5.43-1, § 2A, 5.43-2, § 4A, 5.43-3, § 3A, 5.43-4, § 5A). Section 417.0041 of the Government Code, which describes the role of advisory councils established under these articles of the Insurance Code in the commission's rule-making process, provides as follows:

> (a) This section applies to rules adopted under Articles 5.43-1 through 5.43-4, Insurance Code, and to the advisory councils established under these articles.

> (b) Each council periodically shall review commission rules implementing the article under which the council was established and recommend changes in the rules to the commission. Notwithstanding Chapter [sic] 2001.031, the commission shall submit all changes and additions to rules that implement the article under which an advisory council was established to that council for development. If the commission does not approve a rule developed by the council, the commission shall indicate to the council the reasons that the commission did not approve the rule and return the rule to the council for further development.

Section 2001.031 of the Government Code, a provision of the Administrative Procedure Act (the "APA") to which subsection (b) seems intended to refer, states as follows:

> (a) A state agency may use an informal conference or consultation to obtain the opinions and advice of interested persons about contemplated rulemaking.

> (b) A state agency may appoint committees of experts or interested persons or representatives of the public to advise the agency about contemplated rulemaking.

> (c) The power of a committee appointed under this section is advisory only.

This APA provision generally authorizes state agencies to use advisory committees in rule-making on the condition that the power of any committee appointed under the provision is purely advisory.

Your letter assumes that section 417.0041 establishes a rule-making role for the fire protection advisory councils that is not merely advisory or ministerial in nature and therefore delegates to the advisory councils at least some degree of substantive rule-making authority. We agree. Section 417.0041 requires the commission to submit all changes and additions to rules to the relevant advisory council for development. The advisory council must develop the rule. If the commission does not approve a rule developed by the advisory council, the commission is not free to draft its own rule but rather must return the rule to the advisory council for further development.

In essence, section 417.0041 establishes joint rule-making authority. No amendment or new rule may be adopted unless both the commission and the relevant advisory council agree. Furthermore, section 417.0041 gives the fire protection advisory councils an effective veto over any rules the commission may propose to adopt that would change rules previously adopted to implement articles 5.43-1 through 5.43-4. Thus, the legislature has delegated at least some authority to amend rules implementing these articles to the advisory councils. As this office has recognized in the past, the power to amend rules is in itself rule-making authority. *See* Attorney General Opinion DM-135 (1992) at 5.

Second, we conclude that the legislature intended to delegate at least some substantive rule-making authority to the fire protection advisory councils based on its use of the words "[n]otwithstanding [Government Code section] 2001.031" in section 417.0041. We believe that this language demonstrates that the legislature sought to distinguish the fire protection advisory councils' rule-making role from that of other advisory committees and that it indicates that the legislature intended the fire protection advisory councils' role in the rule-making process to be more than merely advisory. With the exception of three other advisory committees -- the fire protection personnel advisory committee,[3] the funds allocation advisory committee,[4] and the volunteer fire fighter advisory committee,[5] each of which is associated with the commission -- we have been unable to locate any other statute using this language to describe the role of another advisory committee or council in an agency's rule-making process.[6] The uniqueness of this language further suggests it is intended to confer special authority on these advisory councils.

We note that in Attorney General Opinion DM-149 this office examined identical language describing the role of the fire protection personnel advisory committee and the volunteer fire fighter advisory committee in rulemaking and concluded that it does not delegate any substantive, nonministerial rule-making authority to those committees. *See* Attorney General Opinion DM-149

---

[3] *See* Gov't Code § 419.023(c).

[4] *See id.* § 419.054(c).

[5] *See id.* § 419.072(c).

[6] We have located two provisions that require a board to approve or reject rules proposed by an advisory committee and to return rules that it does not approve to the advisory committee for further development. These provisions describe the relationship between the Texas State Board of Examiners of Psychologists and the Psychological Associate Advisory Committee, *see* V.T.C.S. art. 4512c, § 19A(m), and the State Board of Dental Examiners and the Dental Hygiene Advisory Committee, *see* Act of Jan. 19, 1995, 74th Leg. R.S., ch. 2, § 27, 1995 Tex. Gen. Laws 2, 22-23. In contrast to Government Code section 417.0041, neither of these provisions require the board to submit proposed rules and amendments to the advisory committee or contain a "notwithstanding" reference to Government Code section 2001.031. Furthermore, the provision relating to the Dental Hygiene Advisory Committee expressly states that the State Board of Dental Examiners is the final authority on all rules. *See* Act of Jan. 19, 1995, 74th Leg. R.S., ch. 2, § 27(b), 1995 Tex. Gen. Laws 2, 22; *see also* V.T.C.S. art. 4551c, § 4A(c); Letter Opinion No. 96-050 (1996) (concluding that V.T.C.S. art. 4512c, § 19A(m) does not delegate rule-making authority to Psychological Associate Advisory Committee).

(1992) at 4-5.[7]  For the reasons stated above, we believe this conclusion was incorrect.  Attorney General Opinion DM-149 is overruled to the extent it conflicts with this opinion.

You suggest that the delegation of rule-making authority to the fire protection advisory councils in section 417.0041 violates article III, section 1, asking, "With these parameters, does an agency then become subject to governance by its advisory council?  Is this a proper delegation of legislative authority?"  Provided that the legislature prescribes sufficient standards, article III, section 1 does not limit the legislature's ability to create and structure governmental agencies[8] and to allocate its delegated legislative authority between (and within) governmental agencies as it sees fit.  The advisory councils, created by statute and with members who are appointed by the commission, are public entities.[9]  Nothing in article III, section 1 prevents the legislature from delegating rule-making authority to the advisory councils as opposed to the commission.[10]  Whether this joint rule-making arrangement has proven workable or is in the public interest is another matter and is ultimately a public policy determination that is within the province of the legislature rather than this office.  The legislature is always free to amend section 417.0041 to limit the fire protection advisory councils' rule-making role should it choose to do so.

---

[7]The opinion reasoned as follows:

> The Fire Protection Personnel Advisory Committee reviews commission rules on fire protection personnel and fire departments and recommends changes in the rules to the commission.  *Id.* § 419.023(c).  If the commission proposes to change or add to its rules on fire protection personnel and fire departments, the committee develops the rules incorporating the proposed changes and additions.  Thus, the committee provides the specifics to implement the commission's purpose in proposing the rule and revises the rules it develops as necessary to comply with the commission's requirements.  Authority to adopt rules is vested in the commission. . . . [Likewise, t]he Volunteer Fire Fighter Advisory Committee provides the commission with advice and ministerial services in connection with preparing [] rules [relative to certification as a volunteer fire fighter].

Attorney General Opinion DM-149 (1992) at 4-5.

[8]*Texas Turnpike Auth. v. Shepperd*, 279 S.W.2d 302, 304 (Tex. 1955) (no constitutional provision prohibits legislature from creating governmental agency and body politic); *Thomas v. Howard County Hosp. Auth.*, 489 S.W.2d 403, 405 (Tex. App.--Eastland 1972), *writ ref'd n.r.e. per curiam*, 498 S.W.2d 146 (Tex. 1973) (same).

[9]*See* Ins. Code arts. 5.43-1, § 9 (creating Fire Extinguisher Advisory Council appointed by State Board of Insurance, now commission), 5.43-2, § 2(3) (providing for fire detection and alarm devices advisory council consisting of seven members appointed by State Board of Insurance, now commission), 5.43-3, §§ 1(4), 6(a) (creating Fire Protection Advisory Council consisting of seven members appointed by State Board of Insurance, now commission, who serve at pleasure of the board), 5.43-4, § 5B (providing for fireworks advisory council consisting of five members who serve at will of commission).

[10]Because your query appears to be concerned with the allocation of rule-making authority between the commission and the advisory councils rather than whether the delegation of rule-making authority in Insurance Code articles 5.43-1 through 5.43-4 and Government Code section 417.0041 provides sufficient standards, we do not address the latter issue.

## S U M M A R Y

The delegation of rule-making authority to advisory councils in Government Code section 417.0041 does not contravene article III, section 1 of the Texas Constitution.

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General